UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MTR CAPITAL, LLC,

        Plaintiff,

v.

Case No. 17-13552

Hon. John Corbett O'Meara

LAVIDA MASSAGE FRANCHISE
DEVELOPMENT, INC., PEGGY
DAVIS, and DUANE GOODWIN,

        Defendants.
_____/

# ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS

This case arises out of a franchise agreement entered into by the parties. Plaintiff MTR Capital, LLC ("MTR") alleges in its complaint that Defendants, LaVida Massage Franchise Development, Inc. ("LaVida"), Peggy Davis, and Duane Goodwin, induced MTR to open a franchised spa through the use of affirmative misrepresentations and fraudulent omissions. In addition, MTR alleges that franchisor LaVida breached the Franchise Agreement by failing to provide support, services and guidance as required. In lieu of answering the complaint, Defendants

filed motions to dismiss[1] asserting that jurisdiction and venue are improper in the United States District Court for the Eastern District of Michigan pursuant to the Franchise Agreement's forum selection clause. Alternatively, Defendants argue that that the matter should be dismissed pursuant to the doctrine of *forum non conveniens*.

## **STANDARD OF REVIEW**

In addressing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction that attacks the plaintiff's complaint on its face, a court is required to consider the allegations of the complaint as true. *RMI Titanium Co. v. Westinghouse Electric Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).

Whether jurisdiction is properly conferred upon the court through a forum selection clause is a matter of contract distinct from the issue of whether venue is proper. *Kerobo v. Southwestern Clan Fuels, Corp.*, 285 F.3d 531, 535 (6th Cir. 2002).

A defendant invoking *forum non conveniens* bears a heavy burden in opposing the plaintiff's chosen forum. *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430 (2007). When the parties have

---

[1] On December 15, 2017, Defendants LaVida and Peggy Davis filed their motion to dismiss [doc. 6] and on January 2, 2018 Defendant Duane Goodwin filed his nearly identical motion to dismiss [doc. 8]. Each motion has been separately briefed, but oral argument on the two motions was combined and heard by the Hon. George Caram Steeh, who recused himself on February 28, 2018. This court has reviewed the transcript from the February 26, 2018 hearing.

contractually agreed in advance as to the proper forum for adjudicating any dispute, that forum selection clause represents their agreement as to the most proper location for adjudication of the dispute and "should be 'given controlling weight in all but the most exceptional cases.'" *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 574 (2013) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 23 (1988)).

## **ANALYSIS**

MTR is a Florida limited liability company with its principal place of business in Miami-Dade County, Florida. LaVida is a Michigan corporation with its principal place of business in Livingston County, Michigan. Mr. Goodwin is a Master Area Developer responsible for new franchisees in the southeastern region of the United States, and is an agent of LaVida who resides in Georgia. Ms. Davis is the President and CEO for LaVida and resides in Michigan. The parties are completely diverse and the amount in controversy is alleged to exceed $75,000. Therefore, this court has subject-matter jurisdiction over the dispute.

Venue is also proper in this court pursuant to 28 U.S.C. § 1391 because one or more defendants reside in this judicial district and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Defendants do not disagree that subject-matter jurisdiction and venue are proper, rather they argue

that the parties contractually agreed to litigate any disputes arising out of the Franchise Agreement in Livingston County.

In this case, the Franchise Agreement entered into by the parties, which was attached to the complaint, contains a clause that discusses exclusive jurisdiction and forum selection. Therefore, in order to determine whether this action was properly brought in the United States District Court for the Eastern District of Michigan, the court refers to the parties' agreement. Section XXI provides:

> E. Exclusive Venue. Franchisor and Franchisee (and their respective owners and guarantors, if applicable) each agree to submit to the exclusive jurisdiction of the state and federal courts of Michigan with respect to any litigation pertaining to this Agreement or to any aspect of the business relationship between the parties, even if additional persons are named as parties to such litigation (unless the courts of Michigan would have no jurisdiction over such additional parties). No action or proceeding involving this Agreement or any aspect of the relationship between the parties or their agents or affiliates shall be commenced by any party except in Livingston County, Michigan, nor shall any such action be transferred to any other venue. Notwithstanding the foregoing, if we are permitted to seek injunctive relief under this Agreement, we may, at our option, bring such action in the county in which any of the Centers is located.

In Michigan, the interpretation of a contract is a matter of law. *Davis v. LaFontaine Motors, Inc.*, 271 Mich. App. 68, 73 (2006). A contract is to be construed based on is plain and ordinary meaning. *Wilie v. Auto-Owners Ins. Co.*, 469 Mich. 41, 47 (2003). If a contract is unambiguous, it reflects the parties' intent as a matter of law and must be enforced as written. *Holland v. Trinity Health Care*

4

*Corp.*, 287 Mich. App. 524 (2010). Courts must avoid an interpretation that would render any part of a contract surplusage or nugatory. *Lapp v. United Ins. Group Agency*, *Inc.*, 468 Mich. 459 (2003).

The first sentence of the forum selection clause addresses jurisdiction: the parties "agree to submit to the exclusive jurisdiction of the state and federal courts of Michigan." The agreement does not merely allow the parties to submit their case to a court of Michigan, but rather requires the parties to do so. Furthermore, the use of the conjunction "and" preceding "federal courts of Michigan" denotes "in addition to" rather than "as an alternative to." That is, the parties agreed that any litigation pertaining to the Franchise Agreement would have jurisdiction in the state and federal courts of Michigan. The second sentence of Section XXI(E) addresses venue and provides that "[n]o action or proceeding involving this Agreement or any aspect of the relationship between the parties . . . shall be commenced by any party except in Livingston County, Michigan, nor shall any such action be transferred to any other venue."

Defendants argue that the plain and ordinary language of the word "commence" is to begin, and in the case of litigation it means to file a complaint. Therefore, defendant contends that the sentence means that plaintiff's complaint had

to be filed in Livingston County rather than in Wayne County, where this federal court sits.

This sentence does not state where the court must be physically located, only that the action be commenced in Livingston County. Plaintiff argues the sentence should be construed as setting forth a geographic region of all available courts whose territorial limitations include Livingston County. Indeed, if one were to commence an action in state court in Livingston County, one would do so in the Livingston County Circuit Court. Similarly, if one were to commence an action in federal court in Livingston County, one would do so in the United States District Court for the Eastern District of Michigan because Livingston County is located in the jurisdictional area covered by this federal court.

Defendants rely on a case from this district to argue that the jurisdiction section of the forum selection clause is permissive, and is therefore preempted by the venue section which is mandatory. In *Quicken Loans Inc. v. Re/Max, LLC*, 216 F. Supp. 3d 828, 832 (E.D. Mich. 2016), the court was presented with two competing forum selection clauses. One was contained in a preliminary Non-Disclosure Agreement ("NDA") which specified that "Michigan is a reasonably convenient forum for litigation" and the other was in a subsequent agreement specifying that "any dispute arising out of this agreement shall be brought in a court of competent

6

jurisdiction in the state of Colorado." *Id*. at 831. The court noted that the language of the NDA represented a "permissive" forum selection which *allowed* litigation in Michigan, whereas the language in the second agreement represented a "mandatory" selection of Colorado *requiring* any parties to litigate their dispute in Colorado rather than Michigan. The court concluded that the language of the Colorado forum selection clause meant that the exclusive forum was both the federal and state court in Colorado. *Id*. at 834.

Defendants argue that the first sentence of the parties' forum selection clause is permissive since it allows jurisdiction in either the state or federal courts of Michigan. On the other hand, according to Defendants' interpretation, the second sentence requires that an action must be filed in Livingston County, which makes that section "mandatory" under the reasoning of *Quicken.* As such, Defendants argue that the mandatory section controls and requires that the litigation can only be brought in Livingston County Circuit Court.

This court disagrees with Defendants' argument. The first section of the forum selection clause dealing with jurisdiction is mandatory in requiring the parties to submit to the exclusive jurisdiction of "the state *and* federal courts of Michigan" (emphasis added). The second section dealing with venue is also mandatory in stating that no action shall be commenced except in Livingston County. These two

7

mandatory clauses, when interpreted together, as they must be, provide that an action has to be filed in the state or federal court that covers the territory that includes Livingston County. This of course is different than requiring the courthouse to be physically located in Livingston County. The fact that there is no federal courthouse located in Livingston County serves to further support the court's interpretation. This interpretation also avoids rendering the first sentence nugatory.

Defendants next argue for dismissal under *forum non conveniens*. In the Sixth Circuit, "[a] forum selection clause should be upheld absent a strong showing that it should be set aside." *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009) (citation omitted). Because the court interprets the forum selection clause in the Franchise Agreement to include this court, it concludes that plaintiff has abided by the forum selection clause in filing its complaint in this court. Defendants have not given any reasons why Livingston County Circuit Court would be a more convenient forum than this federal court. This argument fails to support Defendants' request for dismissal.

# **ORDER**

Accordingly, IT IS HEREBY ORDERED that Defendants' motions to dismiss are DENIED.

Date: April 16, 2018

s/John Corbett O'Meara
United States District Judge

I hereby certify that on April 16, 2018 a copy of this order was served upon counsel of record using the ECF system.

s/William Barkholz
Case Manager