# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MTR CAPITAL, LLC,
              Plaintiff,

      v.

LAVIDA MASSAGE
FRANCHISE
DEVELOPMENT, INC.,
PEGGY DAVIS, and
DUANE GOODWIN
              Defendants.

Case No. 17-13552
Hon. Terrence G. Berg

## ORDER GRANTING DEFENDANTS' MOTION TO STRIKE JURY DEMAND

Plaintiff MTR Capital seeks to rescind a franchise agreement with Defendants LaVida Massage and its principals, Peggy Davis and Duane Goodwin, and also seeks damages, alleging that Defendants fraudulently induced Plaintiff to enter into the agreement, violated federal and state franchise laws, and failed to perform under the contract. Complaint, ECF No. 1, PageID.3. Plaintiff demanded a jury trial in its Complaint. *Id.* at PageID.23. Defendants now move to strike Plaintiff's jury demand based on a provision in the franchise agreement waiving their right to a trial by jury on matters related to enforcement of the agreement. ECF No. 38. The Court **GRANTS** Defendants' motion based on the reasoning below.

## I.   Facts

On October 14, 2014, Defendant Goodwin sent a copy of the franchise agreement to Plaintiff's principal, Joaquin Esquivia. Defendants' Motion to Strike Jury Demand, ECF No. 38, PageID.403. On February 2, 2015, Esquivia emailed Defendants' franchise broker, Bernardo Yibirin, and stated: "After reading the entire La Vida Massage Franchise Agreement (FA) document, I have the following questions. . ." ECF No. 39-1, PageID.465. In this email, Esquivia listed eighteen questions about different terms in the franchise agreement. None of these questions relate to the jury waiver provision. In response, Defendant Davis sent a revised franchise agreement in which she "answered most of [Esquivia's] questions." ECF No. 39-2. Plaintiff and Defendant executed the franchise agreement on February 17, 2015. Executed Agreement, ECF No. 40-1.

The agreement contains the following provision:

C.   WAIVER OF JURY TRIAL. TO THE EXTENT EITHER PARTY IS PERMITTED TO ENFORCE THIS AGREEMENT BY JUDICIAL PROCESS AND ELECTS TO DO SO, EACH OF THE PARTIES WAIVES ITS RIGHT TO A TRIAL BY JURY. THIS WAIVER SHALL APPLY TO ALL CAUSES OF ACTION THAT ARE OR MIGHT BE INCLUDED IN SUCH ACTION INCLUDING, BUT NOT LIMITED TO, CLAIMS RELATED WITH RESPECT TO THE ENFORCEMENT OR INTERPRETATION OF THIS AGREEMENT, ALLEGATIONS OF STATE OR FEDERAL STATUTORY VIOLATIONS, FRAUD, MISREPRESENTATION, OR SIMILAR CAUSES OF ACTION, AND IN CONNECTION WITH ANY LEGAL ACTION INITIATED FOR THE RECOVERY OF DAMAGES BETWEEN FRANCHISOR AND FRANCHISEE (INCLUDING ANY OWNERS OR GUARANTORS, IF APPLICABLE, AND INCLUDING ACTIONS INVOLVING AFFILIATES, OFFICERS, EMPLOYEES OR AGENTS OF FRANCHISOR OR FRANCHISEE) FOR BREACH OF THE FRANCHISE AGREEMENT.

Esquivia initialed the page containing the waiver of jury trial provision. ECF No. 40-1, PageID.546.

Plaintiff's Complaint specified the following bases for its fraud allegations:

> Specifically, Plaintiff's principal, Mr. Joaquin Esquivia, fell prey to a fraudulent scheme orchestrated by Defendants, in which the Defendants touted the alleged extraordinary amount of financial success and growth enjoyed by the LaVida franchise system at locations across the country, provided financial performance representations in violation of law, and used "time is of the essence," "bait and switch," and other high pressure and deceptive sales tactics to coerce prospective franchisees into investing substantial sums of money toward the purchase of a LaVida franchise.

ECF No. 1, PageID.3–4. Importantly, the Complaint does not allege that there was any fraud that specifically induced Plaintiff to agree to the provision containing the jury trial waiver.

## II.  Analysis

Individuals (or, in this case, LLCs) may waive their Seventh Amendment right to a trial by jury. *K.M.C. Co. v. Irving Trust Co.*, 757 F.2d 752, 755 (6th Cir. 1985). Such a waiver is enforceable if it was "knowing and voluntary." *Id.* at 756. The record before the Court establishes that Plaintiff's assent to the jury trial waiver was knowing and voluntary. And in fact, Plaintiff does not dispute the applicability of the knowing and voluntary test—nor that the test

is satisfied with respect to the jury trial waiver language in the franchise agreement. Response to Defendant's Motion to Strike Jury Demand, ECF No. 45, PageID.574–75.

Instead, Plaintiff raises two related arguments. First, it points to the language of the waiver—specifically, the first sentence: "*To the extent either party is permitted to enforce this agreement* by judicial process and elects to do so, each of the parties waives its right to a trial by jury." (emphasis added). Plaintiff argues that Defendant is not "permitted to enforce this agreement" because it fraudulently procured the agreement. Therefore, the argument goes, the jury trial waiver does not apply. Plaintiff cites case law to support the proposition that "[c]ourts must give effect to every word, phrase, and clause in a contract and avoid an interpretation that would render any part of the contract surplusage or nugatory." Response, ECF No. 45, PageID.575 n.7. This is true—which makes it important to turn to the very next sentence of the jury trial waiver after the portion Plaintiff quotes: "This waiver shall apply to all causes of action that are or might be included in such action including, but not limited to, claims related with respect to the enforcement or interpretation of this agreement, allegations of . . . fraud, misrepresentation, or similar causes of action."

The jury trial waiver specifically includes fraud claims of the type that Plaintiff argues should be excluded from the waiver.

Giving effect to each word of the contract thus undercuts Plaintiff's position that claims alleging fraud should not be subject to the jury trial waiver.

Second, Plaintiff contends that even if the plain language of the jury trial waiver included claims of fraud where one party seeks rescission, Plaintiff's allegation that the entire contract is voidable for fraud also includes the jury trial waiver provision. Plaintiff proposes a bifurcated trial to solve this problem: a jury would determine whether the contract is voidable for fraud; depending on their conclusion, either the Court or the jury would then resolve the remaining issues. Response, ECF No. 45, PageID.573. But after a review of the authorities, the Court finds that this arrangement would be inappropriate and unnecessary.

In *Prima Paint Corporation v. Flood & Conklin Manufacturing Company*, 388 U.S. 395 (1967), the Supreme Court found that a claim of contract fraud must be arbitrated where the contract contained an arbitration clause unless "the claim is fraud in the inducement of the arbitration clause itself." 388 U.S. at 403–04. Several circuit courts of appeals have applied the same rationale to waivers of jury trials, notwithstanding the fact that, in *Prima Paint,* the Supreme Court was interpreting the Federal Arbitration Act. *E.g. Merrill Lynch & Co. v. Allegheny Energy, Inc.*, 500 F.3d 171, 188 (2d Cir. 2007); *Telum, Inc. v. E.F. Hutton Credit Corp.*, 859

F.2d 835, 837–38 (10th Cir. 1988). In *Telum*, the Tenth Circuit found the *Prima Paint* analogy "especially appropriate here because submission of a case to arbitration involves a greater compromise of procedural protections than does the waiver of the right to trial by jury." 859 F.2d at 838.

The Sixth Circuit has not addressed the specific issue of whether a general allegation of fraud in the inducement as to the entire contract suspends application of a jury trial waiver in the contract. But district courts in the Sixth Circuit have found *Telum* persuasive. *E.g. Chesterfield Exchange, LLC v. Sportsman's Warehouse, Inc.*, 528 F. Supp. 2d 710, 714 (E.D. Mich. 2007); *MSCI 2007-IQ16 Retail 9654, LLC v. Dragul*, No. 1:14-cv-287, 2014 WL 3342570, at *2 (S.D. Ohio Jul. 8, 2014); *but see L.A. Ins. Agency Franchising, LLC v. Montes*, No. 14-14432, 2015 WL 9314738, at *2 (E.D. Mich. Dec. 23, 2015) (distinguishing *Chesterfield* on the ground that *Chesterfield*'s holding was limited to contracts between business entities of equal bargaining power).

The reasoning of these courts is persuasive. Because Plaintiff has not alleged that Defendant fraudulently induced Plaintiff to agree to waive its right to a trial by jury, Defendants' Motion to

Strike Plaintiff's Jury Demand is **GRANTED.**

**SO ORDERED.**

Dated:  April 2, 2019          s/Terrence G. Berg
                              TERRENCE G. BERG
                              UNITED STATES DISTRICT JUDGE